IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD L. HANEY, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 11-1373 |
| | ) Judge Nora Barry Fischer |
| CLINTON TOWNSHIP, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

Plaintiff, Leonard L. Haney, filed the instant employment discrimination action against Defendant Clinton Township, alleging discrimination and retaliation in violation of the Pennsylvania Human Relations Act (PHRA), and also claiming First Amendment violations for engaging in protected speech, political activity and association, as well as Fourteenth Amendment due process violations made actionable by 42 U.S.C. § 1983. (*See* Docket No. 16). Plaintiff's claims are based upon several alleged wrongful layoffs from Clinton Township and his alleged forced resignation from his elected position as Clinton Township's auditor.[1] (*Id.*).

Pending before the Court is Defendant Clinton Township's (hereinafter "Defendant") Partial Motion to Dismiss.[2] (Docket No. 18). Defendant contends that Plaintiff's PHRA and Section 1983 claims are time barred, and that Plaintiff's procedural due process claim fails to allege a protected

---

[1] Plaintiff alleges that he has exhausted all administrative remedies and timely filed this action after receiving dismissal and notice of rights letters. (Docket No. 16 at ¶ 2).
[2] Defendant is not seeking to dismiss the First Amendment claims. (*See* Docket No. 18).

1

property interest. (Docket No. 19). For the reasons outlined in the following Memorandum Opinion, Defendant's Partial Motion to Dismiss is GRANTED, IN PART and DENIED, IN PART.

## II. FACTUAL AND PROCEDURAL BACKGROUND[3]

### A. *Early Employment/Elected Positions with Clinton Township*

Plaintiff is an Army Veteran who is over the age of seventy-seven. (Docket No. 16 at ¶ 12). He began working for Defendant in 1976 as a road equipment operator, and in 1984, he became roadmaster for Defendant. (*Id.* at ¶¶ 16; 17). In 1985, he was elected township supervisor and board member and served in these roles until he resigned in 2005. (*Id.* at ¶¶ 18; 19).

### B. *Layoff with Benefits*

The next year, in 2006, Plaintiff returned to his previously held equipment operator position. (*Id.* at ¶ 20). Plaintiff avers that he performed well, but was laid off in 2007, with benefits, at the age of seventy-three. (*Id.* at ¶¶ 21-24). Plaintiff contends that he was the only employee laid off at this time, and township representatives told him that the township laid him off to save money. (*Id.* at ¶¶ 26; 27). Plaintiff asserts that said reason for his discharge is merely pretext for discrimination because younger employees, who had less experience, received raises in pay. (*Id.* at ¶ 28). Plaintiff claims that the reason for his discharge was his involvement in a Pennsylvania State Ethics Commission Investigation. (*Id.* at ¶ 31). To this end, he alleges that in the summer of 2007, agents of the Pennsylvania State Ethics Commission interviewed him multiple times regarding Defendant supervisor Blaine Martin. (*Id.* at ¶ 33). Plaintiff states that he cooperated and answered the Commission's questions truthfully and thus, the Commission found Blaine Martin guilty of nepotism and imposed a fine. (*Id.* at ¶ 34).

---

[3] In evaluating a Rule 12(b)(6) Motion to Dismiss, this Court must accept the allegations as true and construe them in favor of the Plaintiff. *Birdman v. Office of the Governor,* 677 F.3d 167, 171 (3d Cir. 2012).

*C. Layoff without Benefits*

Then, on January 1, 2008, Defendant eliminated Plaintiff's benefits and pension, demoted him to "as needed" and kept him on "layoff" to allegedly save money. (*Id.* at ¶ 35; 106). Plaintiff claims that supervisors James Halstead and Blaine Martin retained their pensions as employees, while Plaintiff (an employee, but no longer a supervisor) did not retain his pension. (*Id.* at ¶ 38). He further contends that other, unnamed employees received favorable pension treatment. (*Id.* at ¶ 45). Defendant did not acquire auditor approval to make changes to the pension or to eliminate Plaintiff from the pension plan. (*Id.* at ¶ 39). Plaintiff asserts that Defendant violated Pennsylvania law when it terminated his pension. (*Id.* at ¶ 37). In support of this contention, he cites Pennsylvania State Statute, Second Class Township Code, Section 515 Compensation to Supervisors (b)(1), which provides that "such [pension] plans shall not improperly discriminate in favor of a supervisor-employee." (*Id.*). As a result of the layoffs, beginning in 2008, Plaintiff began to file charges of age discrimination with the EEOC and the PHRC. (*Id.* at ¶ 41).

*D. Alleged Retaliation for OSHA Complaints*

Plaintiff was apparently given additional work later in 2008. However, during the summer of 2008, Plaintiff complained to OSHA about exposed electrical wires and OSHA subsequently ordered Defendant to correct the problem. (*Id.* at ¶ 43). In response to Plaintiff's OSHA complaint, the Defendant allegedly retaliated against him by laying him off for one month, beginning on June 6, 2008. (*Id.* at ¶ 44).

*E. October 2009 Layoff*

During 2009, Plaintiff worked as an equipment operator on an "as needed" basis. (*Id.* at ¶ 47). He avers that it had been James Halstead's custom to ask Plaintiff to substitute for him. (*Id.*). In 2009, James Halstead, the current board member and roadmaster, asked a younger, less experienced employee (Mike Sutij) to substitute for him (James Halstead) instead of Plaintiff. (*Id.*).

Then, James Halstead publically announced that Mike Sutij would replace Plaintiff in his "as needed" role. (*Id.* at ¶ 59). Plaintiff's PHRC Charge states that on October 13, 2009 James Halstead told him that he was laid off to save money. (Docket No. 19-1).[4] Plaintiff discovered that he was replaced by four younger individuals five months later. (*Id.*).

As a consequence of the October 2009 layoff, Plaintiff publically spoke on matters of public concern, complained about the Defendant's policies and procedures and objected to the Defendant's wasteful spending.[5] (Docket No. 16 at ¶ 50). Then, Plaintiff publically informed the board that he intended to file more age discrimination charges. (*Id.* at ¶ 62). Plaintiff next complained that the equipment operator job for which Mike Sutij was hired was never posted, he was the only person who was interviewed, and he was not drug tested. (*Id.* at ¶ 63). A month later, Defendant allegedly placed an ad in the newspaper for the equipment operator position and hired a pool of younger individuals to use as needed. (*Id.* at ¶¶ 48, 64).

F. *Plaintiff's Election as Auditor and Alleged Forced Resignation*

On January 1, 2010 Plaintiff was elected auditor. (*Id* at ¶ 54). He was rehired as an employee in June 2010, but claims that he was intentionally not assigned work. (*Id.* at ¶ 65). Plaintiff personally asked James Halstead for work and Halstead informed him that because he had filed charges of discrimination, he would not be assigned work and was instead permanently discharged. (*Id.* at ¶¶ 67; 68). In addition, township representatives informed Plaintiff that he, as an elected official, could not also serve as an employee. (*Id.* at ¶ 56). As a result, in 2010, Plaintiff

---

[4] Defendant attached Plaintiff's PHRC Charge to its Brief in Support of its Motion. (*See* Docket No. 19-1). The Court may consider Plaintiff's PHRC Charge because in deciding a Rule 12(b)(6) motion to dismiss, the Court may consider "matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 222 n. 3 (3d Cir. 2004). A document forms the basis of a claim if it is *"integral to or explicitly relied upon* in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (emphasis in original; internal citations and quotations omitted). Here, in paragraph 3 of his Amended Complaint, Plaintiff expressly references his PHRC Charge. (Docket No. 16 at ¶ 3). In addition, the Plaintiff has not objected to the Court's consideration of this document.

[5] Defendant's wasteful spending encompassed Plaintiff being paid $400.00 per week in unemployment (while the Defendant hired Mike Sutij), the purchase of an expensive zipper machine, and wasteful use of the Act 180 grant program. (*Id.* at ¶¶ 51; 61).

was allegedly forced to resign as auditor without due process of law. (*Id.* at ¶¶ 55; 109).  Plaintiff maintains that the Township's decision as to his employment status is pretext because there exists a custom and practice in Clinton Township of other individuals serving both as employees and elected officials.  (*Id.* at ¶ 58).

### III.   PROCEDURAL HISTORY

In response to the Plaintiff's Complaint, (Docket No. 1), Defendant filed a Motion to Dismiss for Failure to State a Claim, Partial Motion for Summary Judgment and, In the Alternative, Motion for More Definite Statement. (Docket No. 11).  Thereafter, Plaintiff filed an Amended Complaint, (Docket No. 16), which was followed by Defendant's Partial Motion to Dismiss, (Docket No. 18).  On July 5, 2012, the Court heard argument[6] on Defendant's Partial Motion to Dismiss the Amended Complaint and took the Motion under advisement. (Docket No. 31).  Accordingly, Defendant's Partial Motion to Dismiss, (Docket No. 18), is fully briefed, (Docket Nos. 19; 20; 23; 26), and the Court has had the benefit of the parties' argument, (Docket No. 31).  Hence, it is ripe for disposition.

### IV.   STANDARD OF REVIEW

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) challenges the legal sufficiency of a complaint.  The United States Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)) (alterations in original).

---

[6] The Court did not order preparation of the transcript, as neither party requested same. (*See* Docket No. 31).

The Court must accept as true all well-pleaded facts and allegations and must draw all reasonable inferences therefrom in favor of the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009); *Twombly*, 550 U.S. at 555. As the Supreme Court made clear in *Twombly*, however, the "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has subsequently broadened the scope of this requirement, stating that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). "This 'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

After *Iqbal*, the United States Court of Appeals for the Third Circuit explained that a district court must conduct the following analysis to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1947, 1950); *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011), *cert. denied*, 2012 WL 296904 (Apr. 2, 2012); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

*Twombly* and *Iqbal* have not changed the other pleading standards for a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), and the requirements of FED. R. CIV. P. 8 must still be met.

*See Burtch*, 662 F.3d at 220. Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n.3 (internal alterations, citations, and quotations omitted). The Supreme Court has explained that a complaint need not be "a model of the careful drafter's art" or "pin plaintiffs' claim for relief to a precise legal theory" so long as it states "a plausible 'short and plain' statement of the plaintiff's claim." *Skinner v. Switzer*, --- U.S. ---, 131 S. Ct. 1289, 1296 (2011); *see also Matrixx Initiatives, Inc. v. Siracusano*, --- U.S. ---, 131 S. Ct. 1309, 1322 n.12 (2011) (emphasizing that "to survive a motion to dismiss, respondents need only allege 'enough facts to state a claim to relief that is plausible on its face'") (quoting *Twombly*, 550 U.S. at 570)).

In deciding a Rule 12(b)(6) motion to dismiss, the Court may consider "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 222 n. 3 (3d Cir. 2004). A document forms the basis of a claim if it is *"integral to or explicitly relied upon* in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (emphasis in original; internal citations and quotations omitted).

V.     ANALYSIS

Defendant has brought three separate challenges to Plaintiff's Amended Complaint. The Court will first address the parties' arguments with respect to the PHRA claims and then discuss the statute of limitations defense to Plaintiff's Section 1983 claims, followed by an analysis of whether Plaintiff's property interest is properly pled, supporting his Section 1983 claim under the Fourteenth Amendment.

A. *PHRA Claims*

1. <u>Overview of the Parties' Arguments</u>

Defendant's Partial Motion to Dismiss seeks dismissal of any PHRA claims arising before May 24, 2010. (Docket No. 19).[7] Defendant argues that those PHRA claims are time barred because:

> [b]ased upon the filing date of November 20, 2011 for EEOC Charge No. 533-2011-00070, the earliest that the PHRC could have received the complaint was that date. Therefore, any age discrimination or retaliation claims arising prior to 180 days prior to that date (May 24, 2010) are time barred.

(*Id.* at 6).

In turn, Plaintiff first asserts that the PHRA claims prior to May 24, 2010 are not time barred because when an EEOC Charge is cross-filed with the PHRC, the 300 day EEOC limitation period applies instead of the PHRA's 180 day limitation period. (Docket No. 20 at 3). Second, Plaintiff contends that the discovery rule and continuing violation doctrine render his PHRA claims timely. (Docket No. 20). Third, Plaintiff argues that he may have received incorrect filing-period limitation advice from an EEOC official. (Docket No. 31).

2. <u>Prior Claims</u>

At the outset, the Court notes that cross-filing an EEOC Charge with the PHRC does not trigger the 300 day EEOC limitation period. Courts routinely and strictly apply the PHRA's 180 day limitation period. *See Hatten v. Bay Valley Foods, LLC.*, No. 11-1122, 2012 WL 1328287, at *2 (W.D. Pa. Apr. 17, 2012) (applying the PHRA's 180 day filing limitation); *Rhoades v. Young Women's Christian Ass'n of Greater Pittsburgh*, No. 09-1548, 2010 WL 4668469, at *3 (W.D. Pa. Nov. 9, 2010) (same); *Cunningham v. Freedom Ford Sales*, No. 03:2006-205, 2007 WL 2404739,

---

[7] Defendant's Partial Motion to Dismiss seeks dismissal of any PHRA claims arising before June 19, 2010 (Docket No. 18), but its Brief in Support of its Motion seeks dismissal of those claims arising before May 24, 2010 (Docket No. 19). During the July 5, 2012 Argument, Defense counsel confirmed that Defendant is seeking dismissal of the claims arising before May 24, 2010. (Docket No. 31).

at *4 (W.D. Pa. Aug. 17, 2007) (complaint filed with the PHRC was untimely because the EEOC forwarded it after the expiration of the 180 day limitation period). "The law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of the claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson,* 313 F.3d 128, 135 (3d Cir. 2002).

Here, Plaintiff's Amended Complaint states that "in 2008, Plaintiff began to file charges of age discrimination against Defendant with the EEOC and dual file those charges with the Pennsylvania Human Relations Commission." (Docket No. 16 at ¶ 41). Moreover, the Charge of Discrimination filed by both parties, references prior charges. (*See* Docket Nos. 19-1; 20-1). In ruling on a Motion to Dismiss, the Court may go beyond the complaint and consider "matters of public record, and documents that form the basis of a claim." *Lum,* 361 F.3d at 222 n. 3. However, the Court has not been presented with any documentation regarding these previous charges. Given same, the Court cannot determine what claims were exhausted or when they were exhausted. Under 43 Pa. Stat. 962(c)(1),[8] a charge can be pending before the PHRC for one year. Once this one-year period has elapsed, a claimant has two years to file an action in court. *See* 43 Pa. Stat. 962(c)(2).[9] It

---

[8] 43 Pa. Stat. 962(c)(1) provides that:

> In cases involving a claim of discrimination, if a complainant invokes the procedures set forth in this act, that individual's right of action in the courts of the Commonwealth shall not be foreclosed. If within one (1) year after the filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the Commission must so notify the complainant. On receipt of such a notice the complainant shall be able to bring an action in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by this act.

43 Pa. Stat. 962(c)(1).

[9] 43 Pa. Stat. 962(c)(2) provides that:

> An action under this subsection shall be filed within two years after the date of notice from the Commission closing the complaint. Any complaint so filed shall be

is thus possible that some of Plaintiff's claims may not be untimely, as it could conceivably take as many as three years before an action is filed in court. As the dates of exhaustion of the previous claims are required to properly determine if Plaintiff's action was timely filed in this Court, discovery on the previous claims is necessary. *See, Free Speech Coalition v. Attorney General of U.S.*, 677 F.3d 519 (3d Cir. 2012) (vacating a District Court's dismissal of certain claims in a Complaint where the plaintiffs should have been permitted the opportunity to conduct discovery and develop the record as to those claims).[10]

3. Conclusion

Based on the foregoing, the Court denies Defendant's Partial Motion to Dismiss Plaintiff's PHRA claims, without prejudice.

B. *Statute of Limitations as to Section 1983 Claims*

1. Overview of the Parties' Arguments

Defendant argues that any Section 1983 claims, i.e. his First Amendment retaliation and Fourteenth Amendment procedural due process claims, arising before October 27, 2009 are time barred as the applicable statute of limitations is two years. (Docket No. 19 at 6). Plaintiff agrees

---

served on the Commission at the time the complaint is filed in court. The Commission shall notify the complainant of this requirement.

43 Pa. Stat. 962(c)(2).

[10] The Court notes that Plaintiff asserts that the discovery rule and continuing violation doctrine render his PHRA claims timely, (Docket No. 20), and that he may have received incorrect filing-period limitation advice from an EEOC official, resulting in the untimely filing of his PHRA claims, (Docket No. 31). However, as the Court requires the dates of exhaustion of the previous claims to properly determine the issue of timeliness, it is likewise premature to determine the applicability of the discovery rule and continuing violation doctrine. Further, the Court notes that Plaintiff did not assert any allegation that he may have received incorrect advice from an EEOC official in his Amended Complaint. (*See* Docket No. 16). To that end, a plaintiff may not amend the pleadings through assertions contained in a brief in opposition to a motion to dismiss. *See Dongelewicz v. PNC Bank Nat'l. Ass'n.*, 104 F. App'x 811, 819 n.4 (3d Cir. 2004) (citing *Williams v. New Castle County*, 970 F.2d 1260, 1266 n.4 (3d Cir. 1992). *See also, Pennsylvania ex rel. Zimmerman v. PepsiCo., Inc.*, 836 F.2d 173, 181 (3d Cir.1988); *Snyder v. Baxter Healthcare, Inc.*, No. 08-566, 2009 WL 185993, at *5 (W.D. Pa. Jan. 23, 2009); *Luther v. Kia Motors Am., Inc.*, No. 08-386, 2008 WL 2397331, at *3 n.3 (W.D. Pa. June 12, 2008); *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 142 F. Supp. 2d 589, 613-14 (D.N.J. 2001).

that the applicable statute of limitations for a Section 1983 action is two years. (Docket No. 20 at 3). In addition, Plaintiff has not challenged Defendant's position that all Section 1983 claims prior to October 27, 2009 are time barred.

2. Analysis

The Court agrees with the parties that Plaintiff's Section 1983 claims are subject to a two year statute of limitations. To this end, in *Lipschultz v. Logan Assistance Corporation*, 50 F. App'x 528, 529 (3d Cir. 2002), the United States Court of Appeals for the Third Circuit held that Section 1983 claims are subject to the state statute of limitations for personal injury claims. In Pennsylvania, personal injury claims are subject to a two year statute of limitations.[11] *Id.* Plaintiff filed the instant action on October 27, 2011. (Docket No. 1). Accordingly, any Section 1983 claims, including Plaintiff's First Amendment retaliation and Fourteenth Amendment procedural due process claims, arising prior to October 27, 2009, which is two years before the instant action was filed, are time barred.[12] Moreover, Plaintiff appears to agree with this result. (*See* Docket No. 20 at 3).

3. Conclusion

Based on the foregoing, the Court grants Defendant's Partial Motion to Dismiss such that Plaintiff's Section 1983 claims arising prior to October 27, 2009 are time barred and dismissed, with prejudice.

---

[11] Plaintiff did not assert any tolling allegations regarding his Section 1983 claims in his Amended Complaint. (*See* Docket No. 16).

[12] To this end, Plaintiff's Fourteenth Amendment claim based upon the alleged elimination of his pension in January 2008, (*See* Docket No. 16), is likewise time barred, as he did not assert any tolling allegations regarding the elimination of his pension in his Amended Complaint. (*See* Docket No. 16).

*C. Section 1983 Fourteenth Amendment Procedural Due Process Claims*

1. <u>Forced Resignation</u>

    *a. Overview of the Parties' Arguments*

Plaintiff contends that he was forced to resign from his elected position as township auditor in 2010, without due process of law (Docket No. 16 at ¶ 109) and that his forced resignation "violates the law" (Docket No. 20 at 4). Defendant argues that Plaintiff has no property interest in his position as auditor and he fails to cite any statute under which he has a potential property interest in this position. (Docket Nos. 19 at 7-9; 23 at 3-4). In response, Plaintiff admits that he has not alleged any laws which create a protected property interest in his elected position as auditor for the township. (Docket No. 20 at 4).[13]

    *b. Analysis*

To properly state a claim for a violation of the Fourteenth Amendment's Procedural Due Process Clause under Section 1983, a plaintiff must plead: "(1) that he was deprived of a protected liberty[14] or property interest; (2) that this deprivation was without due process; (3) that the defendant subjected the plaintiff, or caused the plaintiff to be subjected to, this deprivation without due process; (4) that the defendant was acting under color of state law; and (5) that the plaintiff

---

[13] *See* Footnote 15, *infra*.
[14] Although not raised by the parties, it should be noted that Plaintiff has not been deprived of a liberty interest cognizable under the Fourteenth Amendment.

> An employment action implicates a fourteenth amendment liberty interest only if it (1) is based on a "charge against [the individual] that might seriously damage his standing and associations in the community ..., for example, that he had been guilty of dishonesty, or immorality" or (2) "impose[s] on him a stigma of other disability that forecloses his freedom to take advantage of other employment opportunities." *Roth,* 408 U.S. at 573, 92 S.Ct. at 2707. Stigma to reputation alone, absent some accompanying deprivation of present or future employment, is not a liberty interest protected by the fourteenth amendment. *Id.* at 574, 92 S.Ct. at 2707; *Paul v. Davis,* 424 U.S. 693, 701-06, 96 S.Ct. 1155, 1160-63, 47 L.Ed.2d 405 (1976).

*Robb v. City of Philadelphia*, 733 F.2d 286, 294 (3d Cir. 1984). Here, Plaintiff has not alleged any of the requirements necessary to establish deprivation of a liberty interest through an employment action. (*See* Docket No. 16).

suffered injury as a result of the deprivation without due process." *Sample v. Diecks,* 885 F.2d 1099, 1113 (3d Cir. 1989).

With respect to the first element, "property interests are 'created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" *Bartal v. Borough of Laureldale,* 515 F. Supp. 2d 556, 561 (E.D. Pa. 2007) (quoting *Board of Regents of State Coll. v. Roth,* 408 U.S. 564, 577 (1972)). State law determines whether or not an individual has a property interest in his government employment. *Elmore v. Cleary,* 399 F.3d 279, 282 (3d Cir. 2005).

"A Pennsylvania public employee has at-will status and does not have a property interest in his employment, unless there is express legislative language to the contrary." *Bartal,* 515 F. Supp. 2d at 561 (citing *Elmore,* 399 F.3d at 283). An at-will employee "does not have a legitimate entitlement to continued employment because [the employee] serves solely at the pleasure of [the] employer." *Elmore,* 399 F.3d at 282. Moreover, in *Sweeney v. Tucker*, 375 A.2d 698, 713 (Pa. 1977), the Pennsylvania Supreme Court rejected a legislator's property interest claim by noting that an elected official "holds office for the benefit of his constituents and cannot justifiably rely on a private need or expectation in holding office," and that an elected office "is a public trust, not the private domain of the officeholder." *Id.* at 713.

In the instant case, Plaintiff has failed to allege a property interest in his elected position as township auditor. He merely asserts that his allegedly forced resignation violated the "law," but does not specify which law was violated. In fact, Plaintiff admitted that he did not allege any such law, both in his Response to Defendant's Motion, (Docket No. 20 at 4), and during the July 5, 2012 Argument (Docket No. 31). A plaintiff must specifically plead which law was violated, as

> [a plaintiff] cannot establish a violation of the Due Process Clause simply by establishing a violation of a state statute. *Thielman v.*

> *Leean,* 140 F.Supp.2d 982, 993 (W.D.Wis.2001). "State law may bear upon a claim under the Due Process Clause when the property interests protected by the Fourteenth Amendment are created by state law." *Davis v. Scherer,* 468 U.S. 183, 193, n. 11, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). Nonetheless, state law governs only to the extent that it defines the property interest at issue. "While state law may be the source of a property interest entitled to constitutional protection, it does not govern the constitutional analysis concerning the level of process necessary in order to effect a lawful deprivation of that interest." *Whittaker v. County of Lawrence,* 674 F.Supp.2d 668, 695 (W.D.Pa.2009).

*McKivitz v. Twp. of Stowe*, 769 F. Supp. 2d 803, 834 (W.D. Pa. 2010) (finding that because the plaintiffs did not provide any authority that established that the township zoning board was constitutionally required to have a stenographer physically present at the hearing, the board's decision to proceed without a stenographer provided no basis for a procedural due process claim).

In addition, not only has Plaintiff failed to state which law was violated by his alleged forced resignation, but Defendant has cited to 53 P.S. § 65404(b) which provides that "no auditor shall at the same time hold any other elective or appointive township office or position or be an employee of the township for which he has been elected or appointed."[15] (*See* Docket No. 23 at 4). Accordingly, 53 P.S. § 65404(b) establishes further support for the fact that Plaintiff does not have a property interest in his position as auditor.[16]

---

[15] During Court's July 13, 2012 Case Management Conference, Plaintiff's counsel submitted a copy of a Pennsylvania Public Law, which states that
> No auditor shall at the same time hold any other elective or appointive township office in the township in which he is employed as an auditor, and no auditor shall at the same time hold any other elective or appointive school district office or employment in any school district of the second, third or fourth class <u>if he audits any finances or any funds belonging to or controlled by the school district.</u>

Act of Dec. 20, 1991 (P.L. 408, No. 49) (emphasis added). During the Case Management Conference, Plaintiff's counsel argued, that because Plaintiff did not audit any finances or funds belonging to or controlled by the school district, Plaintiff was not required to resign. However, Plaintiff's counsel provided the Court with an outdated version of Pennsylvania Public Law. The Pennsylvania Public Law that was referenced by Plaintiff was amended in 1996 to state "no auditor shall at the same time hold any other elective or appointive township office or position or be an employee of the township for which he has been elected or appointed." Act of Dec. 18, 1996 (P.L. 1142, No. 172, § 1). The same is codified at 53 P.S. § 65404(b) and was in effect during the time period of Plaintiff's 2010 resignation.

[16] To the extent that Plaintiff is challenging the constitutionality of 53 P.S. § 65404(b), such a challenge is unfounded in light of the Incompatibility Clause of the United States Constitution. The Incompatibility Clause provides that "no Person holding any Office under the United States, shall be a Member of either House during his Continuance in

2. Conclusion

Plaintiff has failed to allege a property interest in his elected position because, under the law, an individual does not have a property interest in an elected position. *See Sweeney*, 375 A.2d at 713. Moreover, a Pennsylvania public employee, such as Plaintiff, "has at-will status and does not have a property interest in his employment, unless there is express legislative language to the contrary." *See Bartal,* 515 F. Supp. 2d at 561. Here, Plaintiff failed to allege any law conferring him a property interest in his elected position. In addition, 53 P.S. § 65404(b) provides further support for the fact that Plaintiff does not have a property interest in his position as auditor. Accordingly, Plaintiff has failed to properly allege a protected property interest under the Fourteenth Amendment, and his Section 1983 Fourteenth Amendment procedural due process claim regarding his alleged forced resignation is dismissed, with prejudice.

VI. **CONCLUSION**

Based on the foregoing, Defendant's Partial Motion to Dismiss (Docket No. 18) is GRANTED, IN PART and DENIED, IN PART. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record

Date: August 2, 2012

---

Office." U.S.Const., Art. I, s. 6, cl. 2. Although the Incompatibility Clause of the United States Constitution has no direct application to state or local employees who concurrently hold elective office, its existence suggests that the States may enact similar incompatibility requirements without violating the United States Constitution. *See Signorelli v. Evans*, 637 F.2d 853, 859-863 (2d Cir. 1980).